**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 20, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 14-4111 |
| v. | (D. of Utah) |
| ANTHONY TERRELL RAY FERGUSON, | (D.C. Nos. 2:12-CV-01197-TC and 2:09-CR-00888-TC-1) |
| Defendant-Appellant. | |

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

---

Anthony Ferguson, filing *pro se*, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 petition seeking to vacate, set aside, or correct his sentence.[1] He contends that the sentencing court erred in its application of the United States Sentencing Guidelines and that his

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] We construe *pro se* filings liberally. *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

counsel was ineffective.  Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss the appeal.

## I.  Background

The Drug Enforcement Agency began investigating Ferguson when it learned he was involved in a scheme to traffic methylenedioxymethamphetamine (MDMA, or "ecstasy" ) between California and Utah.  Through seizures and undercover purchases, the DEA recovered pills suspected to contain MDMA and a different controlled substance called N-benzylpiperazine (BZP).  DEA lab reports confirmed that the active ingredient in many of these pills was BZP and not MDMA.  Ferguson was charged in the District of Utah with (1) conspiracy to distribute MDMA in violation of 21 U.S.C. § 846, (2) distributing BZP in violation of 21 U.S.C. § 841(a)(1), and (3) distributing MDMA in violation of 21 U.S.C. § 841(a)(1).  Ferguson pleaded guilty to the first charge in exchange for dismissal of the other two charges and a recommendation that he be sentenced at the lower end of the Guidelines.

A pre-sentencing report noted that 955 of the pills contained BZP.  The DEA lab reports indicated that the number of pills containing BZP (and not MDMA) was far greater than 955, but Ferguson's counsel did not supply the court with these reports.  The district court concluded that Ferguson conspired to distribute between 110,000 and 120,000 pills of MDMA and BZP.  Although there was no sentencing guideline for BZP, Section 1B1.2 of the Guidelines provided

that courts should "use the most analogous guideline." The court found that MDMA was most analogous to BZP because distributors, including Ferguson himself, represented BZP as MDMA to their customers. Consequently, the MDMA Guideline applied to the entire quantity of pills. Based on that Guideline and Ferguson's career offender status, the advisory range exceeded the statutory maximum of 240 months in prison. The court sentenced him to 180 months.

Ferguson appealed the sentence to this court, but we affirmed. *United States v. Ferguson*, 447 F. App'x 898 (10th Cir. 2012). He then filed a § 2255 collateral challenge in the District of Utah, arguing only that his counsel was ineffective in violation of the Sixth Amendment. The court denied his petition and also denied a COA.

## II. Analysis

To attain a COA, Ferguson must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We must grant the COA if reasonable jurists could find the district court's decision "debatable or wrong." *Laurson v. Leyba*, 507 F.3d 1230, 1231–32 (10th Cir. 2007) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In his brief, Ferguson makes two arguments: (1) reasonable jurists could debate whether it was proper for the sentencing court to apply MDMA Guidelines to BZP, and (2) reasonable jurists could debate whether his counsel was effective.

## A. Sentencing Court's Application of MDMA Guidelines

Ferguson contends that the district court should not have applied the MDMA Guidelines to BZP because MDMA is not the most analogous drug. He cites cases in which other circuits remanded for resentencing after finding insufficient evidence to prove that BZP-containing pills were analogous to MDMA. *See United States v. Beckley*, 515 F. App'x 373 (6th Cir. 2013); *United States v. Figueroa*, 647 F.3d 466 (2d Cir. 2011). But Ferguson did not include this argument in his original habeas petition to the district court or in his direct appeal. Construing the petition liberally, we understand that he only argued his counsel was ineffective. The argument will not be heard for the first time on appeal. *See, e.g.*, *United States v. Flood*, 713 F.3d 1281, 1291 (10th Cir. 2013) (citing *Parker v. Scott*, 394 F.3d 1302, 1319–20 (10th Cir. 2005)) (declining to expand COA to include claim that was not adequately raised below), *cert. denied*, 134 S. Ct. 341 (2013); *Parker*, 394 F.3d at 1319–20 ("We do not review these claims because Parker failed to assert them in his district court petition for habeas relief.").

## B. Ineffective Assistance of Counsel

Ferguson next contends that his Sixth Amendment rights were violated because his counsel was ineffective. To prevail on this claim, he must show his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). His counsel must

have "committed serious errors in light of 'prevailing professional norms' such that his legal representation fell below an objective standard of reasonableness," and there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Grant v. Trammell*, 727 F.3d 1006, 1017 (10th Cir. 2013) (internal quotation marks omitted) (quoting *Wackerly v. Workman*, 580 F.3d 1171, 1176 (10th Cir. 2009)), *cert. denied*, 134 S. Ct. 2731 (2014). But there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

While it is somewhat unclear from his pleadings, we understand Ferguson to challenge counsel's failure to submit the lab reports at sentencing and counsel's recommendation that Ferguson plead guilty to conspiracy to distribute MDMA when the lab reports stated that the pills contained BZP.

### 1. Failure to Submit Lab Reports at Sentencing

We reject the claim that counsel's failure to submit the lab reports at sentencing constituted ineffective assistance, and in doing so we need not consider whether counsel's performance was deficient. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697. There was no prejudice here because the district court already knew that at least some of the pills contained BZP. The government admitted that the drugs recovered from Ferguson

included BZP, and the court made a factual finding that the pills included BZP. The court nonetheless concluded that the MDMA Guidelines should apply to all of the pills because it found that MDMA was the most analogous drug to BZP.

Because the lab reports merely would have shown that there was more BZP than originally suspected, there is no reasonable probability that the attorney's failure to submit these reports could have influenced the district court's decision. As long as the district court treated BZP as equivalent to MDMA, the sentence would have been the same.

### 2. Advising Ferguson to Plead Guilty to Conspiracy Charge

Ferguson contends that because the lab reports revealed "that the substance in question was actually BZP," counsel performed ineffectively by advising him to plead guilty to conspiring to distribute MDMA. Aplt. Br. at 9. We reject this contention because Ferguson does not support it with facts, reasoning, or law. The record and his brief do not include any specific evidence as to what counsel told him about pleading guilty and why this advice was unreasonable, unprofessional, or even bad. There are certainly no obvious reasons for thinking that counsel advised him deficiently. Ferguson faced three charges and pleaded guilty to one of them in exchange for avoiding the other two, and as a result he ended up with a sentence well below the statutory maximum even though his advisory range exceeded the maximum. One of the charges that was dropped was for distributing BZP. Because there was a chance that BZP would be treated as

-6-

equivalent to MDMA, counsel likely knew that Ferguson would have faced the same sentence for distributing BZP that he would have faced for conspiring to distribute MDMA.[2]  Pleading guilty to an equally serious charge in exchange for avoiding the other charges and receiving a lighter sentence does not evidence deficient or prejudicial advice.

Thus, without any explication from Ferguson as to how this advice was deficient, we have no basis for holding that reasonable jurists could find the issue debatable.  Although we construe *pro se* filings liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  This is especially true where the allegations are "merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

Furthermore, even if the lab reports revealed that none of the pills contained MDMA—a fact without clear support in the record––the reports may not have been relevant to the crime to which Ferguson pleaded guilty. Conspiracy to distribute MDMA does not require actual possession of MDMA. Rather, conspiracy to distribute controlled substances under 21 U.S.C. § 846

---

[2] *See* 21 U.S.C. § 846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.").

requires "(1) an agreement with another person to violate the law, (2) knowledge of the essential objectives of the conspiracy, (3) knowing and voluntary involvement, and (4) interdependence among the alleged conspirators." *United States v. Carter*, 130 F.3d 1432, 1439 (10th Cir. 1997). In other words, if Ferguson thought the pills contained MDMA instead of BZP (and it appears that he did, based on his assertion in his original § 2255 petition that he did not know the pills contained BZP), he could have been convicted of conspiracy to distribute MDMA even if there had been indisputable proof that the pills contained only BZP. Thus, there is no obvious reason to doubt counsel's competence in failing to share the lab reports and advising Ferguson to plead guilty to the conspiracy charge.

Although we could end our inquiry here because there is no evidence of deficient performance by counsel, we also note that Ferguson does not provide reason to believe that he was prejudiced. To establish the prejudice element of a *Strickland* claim, a petitioner who pleaded guilty must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Ferguson does not argue that he would have gone to trial if he had seen the lab reports, and indeed he did not argue this in his § 2255 motion either. Rather, if we liberally assume that he means to repeat the same arguments he made in his § 2255 motion, he contends that his attorney should have advised him

-8-

to plead guilty to the BZP offense instead of the MDMA offense.  He claims he was prejudiced because he would have received a different sentence for the BZP offense: "the district court conceded that the amount of MDMA compared to BZP would affect Mr. Ferguson's sentence and [BZP] carries a lesser penalty."  Aplt. Br. at 9.

But the district court said nothing of the sort.  It stated that it had held an evidentiary hearing to determine the amount of MDMA because it "would affect the length of Mr. Ferguson's sentence," but it was not distinguishing MDMA from BZP.  R., Vol. I at 167.  On the contrary, it treated BZP as equivalent to MDMA.  For the same reasons discussed above, the sentence would have been the same had he pleaded guilty to a BZP-related offense.  To assert that he would have pleaded guilty to an equally serious count is not to assert that he would have insisted on going to trial or that the outcome would have been different, as required under *Hill* and *Strickland*.  *See United States v. Landsaw*, 206 F. App'x 773, 777 (10th Cir. 2006) (finding no prejudice where petitioner argued that he would have pleaded guilty to a different count and received a sentencing reduction if not for ineffective assistance, but could not establish that he actually would have received the reduction); *see also Short v. United States*, 471 F.3d 686, 696–97 (6th Cir. 2006) (finding no prejudice under *Hill* where petitioner, rather than claiming he would have gone to trial, asserted "that he wound up with a less

favorable plea or sentence than he otherwise would have accepted with the advice of competent counsel").

Accordingly, reasonable jurists could not debate the conclusion that Ferguson was not prejudiced by a deficient performance by counsel.

## III.  Conclusion

For the foregoing reasons we DENY the COA and DISMISS this matter. We also DENY the motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge