**UNITED STATES COURT OF APPEALS** **February 3, 2009**

**TENTH CIRCUIT** **Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DAVID BUSBY,

    Defendant-Appellant.

No. 08-5158
(D.C. No. 02-CV-851-TCK and
99-CR-020-TCK)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN, EBEL,** and **GORSUCH**, Circuit Judges.

David Busby ("Busby"), a federal prisoner appearing pro se, applies for a

certificate of appealability ("COA") in order to appeal the district court's denial

of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.

Exercising jurisdiction under 28 U.S.C. § 2253, we deny a COA and dismiss

Busby's appeal.

I.    Procedural background

In 1999, Busby was convicted by a federal jury of Use or Carrying of a

Firearm During the Commission of a Drug Trafficking Crime, in violation of 18

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 924(c); Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); and Maintaining a Place for the Purpose of Manufacturing or Distributing a Controlled Substance, in violation of 21 U.S.C. § 856. He was sentenced to a prison term of 211 months, supervised release of five years, and a fine of $2000; the prison sentence was later reduced, pursuant to 18 U.S.C. § 3582(c), to a term of 181 months. On direct appeal, Busby argued that the trial court erred in denying his motion to suppress wiretap evidence and several inculpatory statements that he had made to police officers. United States v. Busby, 16 F. App'x. 817, 820 (10th Cir. 2001). This Court affirmed his conviction on July 3, 2001, and the Supreme Court denied his petition for certiorari on November 13, 2001.

Busby timely filed his § 2255 motion on November 12, 2002, arguing (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) trial court error in denying his motion for judgment of acquittal on the 18 U.S.C. § 924(c) charge. Roughly two and a half years later, in April of 2005, he filed an amended § 2255 motion, arguing that based on the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), he was entitled to a reduction in sentence. The district court concluded that Busby's amended motion was untimely under the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations, because the new theories that it raised failed to relate back, pursuant to Federal

Rule of Civil Procedure 15(c), to the original motion. (Dist. Ct. Op. at 3-7.) Busby does not seek a COA to appeal the district court's dismissal of the amended motion as untimely.

In its thorough and well-reasoned opinion and order, the district court went on to deny Busby's original § 2255 motion, holding that Busby had effective assistance of counsel both at trial and on appeal. (Id. at 8-13.) The court also concluded that Busby's claim as to the trial court's failure to grant his motion for judgment of acquittal on the § 924(c) charge was procedurally barred because he failed to raise the claim on direct appeal and could not show cause for that default. (Id. at 8-15, citing United States v. Frady, 456 U.S. 152, 166-69 & n.15 (1982); United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995).) The district court later granted Busby's motion to proceed in forma pauperis on appeal, but denied his request for a COA. This application for COA followed.

II.     Standard for issuance of COA

"A COA is a jurisdictional prerequisite to our review." Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). We will issue a COA "only 'if the applicant has made a substantial showing of the denial of a constitutional right.'" United States v. Silva, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting 28 U.S.C. § 2253(c)(2)). "To make this showing, [Busby] must establish that 'reasonable jurists could debate whether . . .

the petition should have been resolved by the district court in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Clark, 468 F.3d at 713 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000) (alteration omitted)).

III.    Discussion

Because Busby's application for COA is pro se,[1] we construe it liberally. See Hall v. Scott, 292 F.3d 1264, 1266 (10th Cir. 2002) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

Busby raises two arguments in his application for COA: (1) that he was denied effective assistance of appellate counsel when his attorney failed to argue that there was insufficient evidence to convict him of Use or Carrying of a Firearm During the Commission of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c); and (2) that the trial court erred in failing to grant his motion for judgment of acquittal as to the § 924(c) charge.  For the reasons explained by the district court, Busby's second argument is procedurally barred under 28 U.S.C. § 2255.  Therefore, we address only his claim of ineffective assistance of appellate counsel.

A.    *Standard of review*

To establish that his appeal counsel was ineffective, Busby must show that "(1) his counsel's performance was constitutionally deficient, and (2) counsel's

---

[1]Busby was represented by counsel when he filed his § 2255 motion.

deficient performance was prejudicial." Cook, 45 F.3d at 392 (citing Strickland

v. Washington, 466 U.S. 668, 687 (1984)).[2]  Counsel's performance is

"constitutionally deficient" if "'the representation falls below an objective

standard of reasonableness,'" and deficient performance is prejudicial if there is

"'a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different.'" Id. (quoting Strickland, 466 U.S.

at 690, 694).  We need not address the two prongs of the Strickland test in any

particular order, so that if "it is easier to dispose of an ineffectiveness claim on

the ground of lack of sufficient prejudice, . . . that course should be followed."

Strickland, 466 U.S. at 697.

"When a defendant alleges his appellate counsel rendered ineffective

assistance by failing to raise an issue on appeal, we examine the merits of the

omitted issue." Cook, 45 F.3d at 392.  "If the omitted issue is without merit,

counsel's failure to raise it does not constitute constitutionally ineffective

assistance of counsel." Id. at 393 (quotation omitted).  In examining the merits of

a potential insufficiency-of-the-evidence claim, in order to determine whether

Busby's representation was deficient under the first prong of Strickland, our

analytical frame of reference is the law as it existed at the time that counsel made

the decision not to raise that issue on appeal.  See Bland v. Sirmons, 459 F.3d

---

[2]While Strickland established the test for effectiveness of trial counsel, "we
have applied those same standards in assessing the effectiveness of appellate
counsel." Cook, 45 F.3d at 392.

999, 1030 (10th Cir. 2006). Here, however, because the amendment to § 924(c) was so recent when Busby was convicted, no reported federal case had interpreted the new possession-in-furtherance prong when he filed his direct appeal. Therefore, having no law on point at the time Busby's counsel made the decision not to raise sufficiency of the evidence on appeal, we find it "easier to dispose of [this] ineffectiveness claim on the ground of lack of sufficient prejudice." Strickland, 466 U.S. at 697.

Under Strickland, Busby was not prejudiced by appellate counsel's alleged ineffectiveness unless, but for counsel's failure to raise a sufficiency-of-the-evidence claim, the result of Busby's direct appeal would have been different.[3] See id. at 694. Thus, we must determine whether there is a reasonable probability that this Court would have held, in 2001, that there was insufficient evidence for the jury to have convicted Busby under § 924(c). "[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979).

---

[3]Our inquiry in this regard is facilitated by the fact that this Court first interpreted amended § 924(c)'s possession-in-furtherance prong in United States v. Iiland, 254 F.3d 1264 (10th Cir. 2001), a case involving one of Busby's co-defendants and decided by the same panel that decided Busby's appeal, on the same day that it decided Busby's appeal. See Iiland, 254 F.3d at 1264; Busby, 16 F. App'x. at 817.

- 6 -

An appellate court considering a claim of insufficient evidence "must not weigh conflicting evidence or consider the credibility of witnesses, but simply determine whether the evidence, if believed, would establish each element of the crime." United States v. Hanrahan, 508 F.3d 962, 968 (10th Cir. 2007) (quotation omitted).

B.      *18 U.S.C. § 924(c)*

Count VII of the second superseding indictment charged Busby with violation of 18 U.S.C. § 924(c), which provides that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall be sentenced to a term of imprisonment of not less than 5 years." (R. doc. #86 at 27 (emphasis added).) In line with that statutory language, the indictment charged that Busby "did knowingly use or carry [firearms] during and in relation to a drug trafficking crime," or, alternatively, that he "possessed [such firearms] in furtherance of said drug trafficking crimes."[4] (Id.) Busby was convicted of Possession of Cocaine with Intent to Distribute, the predicate drug trafficking crime named in Count VII, and he did not challenge that conviction in his § 2255 motion.

---

[4]Busby was indicted on February 26, 1999, shortly after Congress amended § 924(c) to include the possession-in-furtherance prong of the offense. See Amendment to Title 18, Pub. L. No. 105-386, 112 Stat. 3469 (Nov. 13, 1998).

C.    *Evidence at trial*

Testimony and exhibits at trial established that when, pursuant to a warrant, police searched a storage unit rented by Busby's girlfriend, they discovered multiple baggies of crack and powder cocaine, two sets of scales, additional baggies, one loaded and two unloaded handguns, a shotgun, a semi-automatic assault rifle, and ammunition. (Dist. Ct. Op. at 8-9; R. doc. #566 at 12-16.) Although Busby did not testify at trial, the jury heard evidence that Busby had confessed to police that the drugs and guns in the storage unit belonged to him. (R. doc. #585 at 10 (citing trial transcript).) The jury also heard testimony from Officer Claramunt, one of the police officers who had conducted the search, that based on his training and his experience with drug trafficking in the Tulsa area, drug dealers often possess firearms to protect their drug product. (R. doc. #565 at 18-19.) Further, based on his "training and experience within the Tulsa area," Officer Claramunt testified that the amount of cocaine, the firearms, and the scales recovered from the storage unit were consistent with the "tools of the trade" of a "mid-level cocaine dealer." (Id. at 18.)

D.    *Busby's argument on appeal*

Busby argues that the Supreme Court's holding in Bailey v. United States, 516 U.S. 137, 143-50 (1995), and this Court's holding in United States v. Iiland, 254 F.3d 1264, 1270-72 (10th Cir. 2001), establish that there was insufficient

evidence to convict him under § 924(c). Because the facts in Busby's case are distinguishable from those in both <u>Bailey</u> and <u>Iiland</u>, that argument lacks merit.

In <u>Bailey</u>, the Supreme Court interpreted the uses-or-carries prong of § 924(c), which, at the time the case was decided, had not yet been amended to include the possesses-in-furtherance prong. Resolving a circuit split as to what evidence was necessary to convict a defendant for "using" a firearm "during and in relation to a drug trafficking offense," the Court explained that the evidence must "show an <u>active employment</u> of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." 516 U.S. at 143. Evidence of possession alone, the Court held, would not suffice, because § 924(c)(1) liability attaches "only to cases of actual use, not intended use, as when an offender places a firearm with the intent to use it later if necessary." <u>Id.</u> at 143, 146. As a result, a "defendant cannot be charged under § 924(c)(1)['s uses-or-carries prong] merely for storing a weapon near drugs or drug proceeds." <u>Id.</u> at 149. Thus, had Busby been charged merely under the uses-or-carries prong of the statute, he would be correct in arguing that under <u>Bailey</u>, the evidence offered at trial was insufficient to convict him. However, Busby was charged under amended § 924(c), which also criminalizes possession of a firearm in furtherance of a drug trafficking crime.

This Court first interpreted the possession-in-furtherance prong of § 924(c) in <u>Iiland</u>, a case involving one of Busby's co-defendants. <u>Iiland</u> was decided by

the same panel of this Court that decided Busby's direct appeal, on the same day that it decided Busby's direct appeal.  See Iiland, 254 F.3d at 1264; Busby, 16 F. App'x. at 817.  Therefore, in evaluating whether Busby was prejudiced by appellate counsel's performance–i.e., whether there is a "reasonable probability that, but for" appellate counsel's failure to raise the insufficiency-of-the-evidence claim, the result of Busby's appeal would have been different, see Strickland, 466 U.S. at 694–we may look to this Court's reasoning in Iiland.

In Iiland, Busby's co-defendant Sidney Iiland was "convicted under the statute's 'possession' prong, based on evidence that he was involved in drug trafficking and owned a gun that was found along with scales in his apartment." 254 F.3d at 1270.  Interpreting that new "possession" prong of the statute, this Court looked to amended § 924(c)'s legislative history, which "expressly clarified that the addition to the statute was not intended to cover every possession of a firearm by one who also is a drug trafficker."  Id. at 1271.  Rather than merely putting on evidence as to the "presence of a firearm in an area where a criminal act occurs," the Government thus must "illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the criminal activity."  Id. (quoting H.R. Rep. No. 105-344, 1997 WL 668339, at 9 (1997) (emphasis added)).

In overturning Iiland's conviction for possessing a firearm in furtherance of a drug trafficking crime, we pointed to facts that clearly distinguish his case from Busby's:

> In sum, our cases make clear that the "during and in relation to" requirement of section 924(c) necessitates some direct connection between the firearm and the drug offense. The legislative history of the 1998 amendments directs that the "in furtherance" requirement for possession is an even higher standard. Here, trial testimony established that Mr. Iiland possessed the firearm found in his apartment. He kept a large quantity of drugs in a separate storage unit he had rented. . . . However, . . . <u>there is no evidence in the record connecting the gun to the drug transactions</u>.
>
> The facts here show only that a drug dealer possessed a gun. No evidence demonstrates that his possession furthered, promoted or advanced his illegal drug activity. <u>There was no evidence that the guns and drugs were ever kept in the same place or that Mr. Iiland ever kept the gun accessible when conducting drug transactions.</u> The fact that drug dealers in general often carry guns for protection is insufficient to show possession in furtherance of drug activity in Mr. Iiland's particular case.

254 F.3d at 1274 (emphasis added). In Busby's case, by contrast, there is ample evidence in the record not only "[tying] the defendant to the firearm[s]," <u>id.</u> at 1271, but also connecting the five guns to the drugs that Busby was convicted of possessing with intent to distribute. The guns–one of them loaded–and ammunition were discovered in the same storage unit in which Busby stashed packages of cocaine, baggies, and scales, and Busby admitted that the guns were his. Unlike in Iiland's situation, then, there was evidence that Busby's guns and drugs and drug-trafficking paraphernalia were kept in the same place, and that

Busby kept one of the guns loaded and accessible. The jury also heard Officer Claramunt's testimony, based on his experience and training in narcotics interdiction in Tulsa, that guns such as those found in the storage unit were "tools of the trade" for drug traffickers. Viewed in the light most favorable to the Government, this evidence was sufficient for a rational jury to have found, beyond a reasonable doubt, that Busby had "strategically placed a loaded firearm near a drug stash as a means to safeguard the contraband" (Dist. Ct. Op. at 13), and thus that he had possessed that weapon to "further[], promote[] or advance[] his illegal drug activity," Iiland, 254 F.3d at 1274.

Under the reasoning of Iiland, then, there is not a reasonable probability that the result of Busby's direct appeal–decided by the same panel that decided Iiland, on the same day that it decided Iiland–would have been different if his counsel had raised a challenge to the sufficiency of the evidence. As a result, Busby was not sufficiently prejudiced by counsel's alleged ineffectiveness to make out a constitutional claim under Strickland. Therefore, Busby has not "made a substantial showing of the denial of a constitutional right," Silva, 430 F.3d at 1100, and we deny a COA on this issue.

IV.    Conclusion

For the foregoing reasons, we DENY Busby's request for a certificate of

appealability and DISMISS his appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge