FILED
United States Court of Appeals
Tenth Circuit

December 8, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

VINCENT ERIC SCOTT,

      Petitioner-Appellant,

v.

ROGER WERHOLTZ, Kansas
Secretary of Corrections; STATE OF
KANSAS; STEPHEN SIX, Kansas
Attorney General,

      Respondents-Appellees.

No. 09-3160
(D.C. No. 08-CV-03266-KHV-GLR)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Vincent Eric Scott, a Kansas state prisoner appearing pro se, seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the

---

[*]      This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1. After examining the briefs and the appellate record, this three-judge panel
determined unanimously that oral argument would not be of material assistance in
the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

"petition").[1] We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c)(1)(A). Because Mr. Scott fails to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.

## BACKGROUND

On August 28, 1997, an officer of the Olathe Police Department observed a white Buick Riviera leaving an apartment complex. Because the Riviera matched the description of a vehicle seen leaving the scene of a gun-shop burglary earlier that day, the officer conducted a records check of the vehicle. When the officer discovered that the Riviera had an expired license tag, he radioed for back-up and initiated a traffic stop of the Riviera.

The officers ordered the passengers to exit the Riviera. Mr. Scott was among those passengers and was questioned by the officers about the burglary. While the officers questioned Mr. Scott, they noticed fresh cuts on his finger and forearm. In a subsequent search of the vehicle, which the officers claim was consensual, they found particles of broken glass, a hammer, a tire iron, a crowbar, and blood stains. Based on this evidence, the officers obtained a search warrant to procure biological samples from Mr. Scott. A DNA analysis revealed that

---

[1] Mr. Scott filed a pro se application for a certificate of appealability and opening brief. We construe these pro se filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

blood collected at the gun shop matched the blood sample taken from Mr. Scott.

On June 16, 1998, in case number 98CR1568, Mr. Scott was charged with one count of burglary, one count of felony theft, and one count of criminal damage arising from the break-in at the gun shop. Several weeks later, law enforcement personnel linked DNA evidence from Mr. Scott's blood sample to DNA evidence from an unsolved rape case. On October 21, 1998, in case number 98CR2782, Mr. Scott was charged with one count of rape and one count of aggravated criminal sodomy.

Mr. Scott filed motions to suppress the evidence in both cases.[2] After holding evidentiary hearings, the trial court denied these motions. Mr. Scott pleaded no contest to all charges in a written plea agreement but subsequently appealed the denial of the suppression motions in both cases. The Kansas Court of Appeals consolidated the two appeals and remanded them for proceedings to determine if Mr. Scott's trial counsel was constitutionally ineffective. On

---

[2]     Mr. Scott filed two motions to suppress in case number 98CR1568. In the first motion, Mr. Scott sought to suppress all evidence seized pursuant to the search of the vehicle on August 28, 1997, because the traffic stop was pretextual and the officers lacked reasonable suspicion to search him or the vehicle. In the second motion, Mr. Scott sought to suppress all evidence seized pursuant to the search warrant issued and executed on January 28, 1998, because the underlying affidavit lacked sufficient evidence to support a finding of probable cause. This search warrant authorized the collection of biological samples from Mr. Scott, including blood, saliva, hair, fingerprints, palm prints, and photographs. Mr. Scott filed only one motion to suppress in case number 98CR2782. In this motion, Mr. Scott sought to suppress all evidence received pursuant to the DNA search conducted on his blood sample, because the search was conducted without a warrant.

remand, the trial court appointed Mr. Scott new counsel, permitted him to withdraw the plea, and allowed him to reargue the motions to suppress.[3] The trial court held hearings and again denied the motions to suppress. The trial court tried the cases on stipulated facts, found Mr. Scott guilty of burglary, rape, and aggravated sodomy, and sentenced him to 300 months' imprisonment.

Mr. Scott appealed his convictions. He argued that the trial court erred in denying his motions to suppress because the evidence was obtained in violation of the Fourth Amendment. On May 2, 2003, the Kansas Court of Appeals affirmed Mr. Scott's conviction. On July 9, 2003, the Kansas Supreme Court denied review.

In mid-2004, Mr. Scott filed several motions for post-conviction relief under the Kansas habeas corpus statute, Kan. Stat. Ann. § 60-1507. On February 15, 2005, the trial court denied relief. On appeal, Mr. Scott argued, among other things, that his counsel on direct appeal was ineffective for failing to argue that the Fourth Amendment prohibited the comparison of DNA evidence obtained in his burglary case with DNA evidence collected in unsolved rape cases. On November 21, 2007, the Kansas Court of Appeals affirmed. On May 28, 2008, the Kansas Supreme Court denied review.

---

[3] On remand, Mr. Scott supplemented his prior motions to suppress with two revised motions. In case number 98CR1568, Mr. Scott sought to suppress all evidence seized pursuant to the search warrant issued and executed on January 26, 1998. In case number 98CR2782, Mr. Scott sought to suppress all evidence seized pursuant to the search of the vehicle on August 28, 1997.

-4-

On October 20, 2008, Mr. Scott filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the U.S. District Court for the District of Kansas. The district court construed this petition as raising five claims: (1) the trial court erred in receiving evidence seized in violation of the Fourth Amendment; (2) the trial court did not appoint counsel for post-conviction proceedings; (3) the trial counsel was ineffective by allowing him to be convicted on stipulated facts; (4) the appellate counsel was ineffective by not arguing that the comparison of his DNA samples to DNA samples in unrelated crimes violated the Fourth Amendment; and (5) the state courts lacked jurisdiction because of a procedural defect in the original complaint. The district court denied the petition. This application for a COA followed.

## DISCUSSION

"A COA is a jurisdictional pre-requisite to our review." *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). A COA will issue only "'if the applicant has made a substantial showing of the denial of a constitutional right.'" *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting 28 U.S.C. § 2253(c)(2)). This standard requires an applicant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal

quotation marks omitted).

In determining whether to grant a COA, we need not engage in a "full consideration of the factual or legal bases adduced in support of the claims." *Id.* We instead undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each claim. *Id.* at 338. Although an applicant is not required to demonstrate that his appeal will succeed, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (internal quotation marks omitted).

Mr. Scott argues that the Kansas trial court erred in denying his motion to suppress evidence under the Fourth and Fourteenth Amendments.[4] "[A] state prisoner may not be granted federal habeas relief on the ground that evidence was obtained in an unconstitutional search or seizure so long as the State 'provided an opportunity for full and fair litigation' of Fourth Amendment claims." *Matthews v. Workman*, 577 F.3d 1175, 1194 (10th Cir. 2009) (quoting *Stone v. Powell*, 428 U.S. 465, 494 (1976)). "We review de novo whether a petitioner had an

---

[4]     Mr. Scott also claims that "the failure to suppress . . . evidence violated [his] Sixth Amendment right to receive a fair trial." Application for COA at 2 (filed Aug. 5, 2000). This claim is more properly viewed as an assertion of his Fourth Amendment rights than as a Sixth Amendment claim. Thus, we treat this claim as part of the Fourth Amendment claims.

Mr. Scott appears to have abandoned his ineffective assistance of counsel claims on appeal. To the extent that the appellate filings may be construed as raising an ineffective assistance of counsel claim based upon the appellate counsel's failure to challenge the collection and use of his DNA evidence, the district court's resolution of this issue is not reasonably debatable.

-6-

opportunity for full and fair litigation of his or her Fourth Amendment claim in state court." *Smallwood v. Gibson*, 191 F.3d 1257, 1265 (10th Cir. 1999) (citing *Miranda v. Cooper*, 967 F.2d 392, 401 (10th Cir. 1992)).

We have reviewed Mr. Scott's appellate filings, the federal district court's order, the entire record, and the applicable law. Based upon this review, we have determined that Mr. Scott had a full and fair opportunity to litigate his Fourth Amendment claims. He raised these Fourth Amendment claims in multiple motions to suppress and received an evidentiary hearing on each motion. Mr. Scott also presented many of these claims on direct appeal to the Kansas Court of Appeals. Furthermore, on post-conviction review, the Kansas Court of Appeals rejected Mr. Scott's ineffective assistance of counsel claim in part because it found the argument to suppress the DNA evidence to be without merit. *Scott v. Werholtz*, 171 P.3d 646, 653 (Kan. Ct. App. 2007). The federal district court applied the proper law to the habeas petition, and its denial of the petition is not reasonably subject to debate. Mr. Scott also has not raised any claims that are adequate to deserve further proceedings. Thus, we conclude that Mr. Scott has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA.

**CONCLUSION**

For the foregoing reasons, we **DENY** Mr. Scott's application for a COA and **DISMISS** his appeal.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge