**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

JOSEPH ERIC SILVA,

 Defendant-Appellant.

No. 04-2312
(D.C. Nos. CIV-04-998-LH/LFG and
CR-02-1167-LH)
(New Mexico)

**ORDER**

Before **SEYMOUR**, **HARTZ** and **McCONNELL,** Circuit Judges..

Joseph Eric Silva applies *pro se*[1] for a certificate of appealability (COA) of the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Mr. Silva also seeks to proceed *in forma pauperis* (*ifp*) in this appeal.[2] Exercising jurisdiction under 28 U.S.C. § 2253(c)(1), we deny a COA and dismiss the appeal. We also conclude Mr. Silva is not entitled to proceed *ifp*.

---

[1]We liberally construe Mr. Silva's *pro se* application. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

[2]The district court denied Mr. Silva's application for a certificate of appealability, as well as his motion for leave to proceed *in forma pauperis* on appeal.

Mr. Silva pled guilty to possession with intent to distribute fifty kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. §2. Based on a prior felony conviction for attempted jail escape and a felony conviction for importing heroin, his presentence report (PSR) characterized him as a career offender under U.S.S.G. § 4B1.1. The PSR calculated his offense level as thirty-two and his criminal history category as VI. Over Mr. Silva's objection, the district court adopted the PSR and sentenced him within the applicable guidelines range to 220 months imprisonment followed by three years of supervised release. In his plea agreement, he waived his right to appeal except on the issue of his classification as a career offender. He directly appealed on this issue, and we affirmed. *See United States v. Silva*, 94 Fed. Appx. 747 (10th Cir. Apr. 6, 2004).

Mr. Silva sought relief under § 2255 claiming 1) his indictment was defective and thus his plea was involuntary; 2) he was denied the right to a jury trial because of a sentence enhancement based on prior convictions; 3) the government violated its plea agreement; and 4) his counsel provided him ineffective assistance. The district court dismissed Mr. Silva's petition.

Mr. Silva claimed that because he was arrested at an International Port of Entry, the charge against him should have been for importation under 21 U.S.C. § 952 and, as a result, his indictment under 21 U.S.C. § 841(a)(1) was defective and his plea involuntary. The district court determined that § 841(a)(1) permits arrests

at ports of entry. Rec., doc. 3 at 2 (citing *United States v. Hanif,* 1 F.3d 998, 1003 (10th Cir. 1993)). It further noted that even if both § 952 and § 841(a)(1) applied to a defendant's conduct, the government could rightly prosecute under either. *Id.* at 3 (citing *United States v. Gomez-Tostado*, 597 F.2d 170, 174 (9th Cir. 1979)). Thus, Mr. Silva's indictment was not defective and his plea was not involuntary on this basis.

The district court also concluded Mr. Silva's sentence enhancement for career offender did not violate the Sixth Amendment because it was permissibly based on prior convictions and it fell below the statutory maximum sentence for his crime. *Id.* (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Moreover, it observed that *Blakely v. Washington*, 124 S. Ct. 2531 (2004), does not apply on collateral review. *Id.* at 4 (citing *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004)).[3]

The court next rejected Mr. Silva's argument that the government violated the plea agreement by seeking a sentence increase based on his prior record without filing a supplemental information pursuant to 21 U.S.C. § 851(a)(1). Observing that such a filing is only necessary when a defendant's statutory

---

[3]The court noted Mr. Silva's allegation that his prior convictions were incorrectly weighed in determining his sentence had already been considered on direct appeal by this court and denied, *see United States v. Silva*, 94 Fed. Appx. 747 (10th Cir. Apr. 6, 2004), and thus the contention was barred by *res judicata*. Rec., doc. 3 at 3 n.1 (citing *Kaufman v. United States*, 394 U.S. 217, 227 n.8 (1969), and *Reed v. Farley*, 512 U.S. 339, 358 (1994) (Scalia, J., concurring)).

maximum or minimum sentence is enhanced, *United States v. Allen*, 24 F.3d 1180, 1184 (10th Cir. 1994), the court concluded that this requirement did not apply to Mr. Silva since his sentence was within the statutory limits. Finally, the court determined that Mr. Silva's claim of ineffective counsel could not succeed because he had failed to make a showing of prejudice as required by the second prong of the *Strickland* standard. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Although the district court addressed Mr. Silva's ineffective assistance of counsel claim based on the alleged mishandling of the three substantive claims as described above, it did not mention Mr. Silva's assertion that his trial counsel was ineffective for failing to check into his criminal history so that he would appreciate the harsh sentence he faced under the guidelines. Specifically, Mr. Silva contends counsel assured him the government would not raise his criminal history at sentencing and, as a direct result of that misrepresentation, Mr. Silva signed the plea agreement. According to Mr. Silva, his plea was not knowing and voluntary because it was the product of an erroneous and coercive sentencing misrepresentation. We are not persuaded.

In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). A plea may be involuntary where an attorney materially misrepresents the

consequences of the plea; however, standing alone, an attorney's erroneous sentence estimate does not render a plea involuntary. *See Laycock v. New Mexico*, 880 F.2d 1184, 1186 (10th Cir. 1989); *see also Lasiter v. Thomas*, 89 F.3d 699, 702-03 (10th Cir. 1996); *United States v. Gordon*, 4 F.3d 1567, 1570-71 (10th Cir. 1993); *United States v. Rhodes*, 913 F.2d 839, 842-44 (10th Cir. 1990).

Here, as Mr. Silva's plea agreement specifically explains, new information later appearing in the presentence report concerning criminal history does not render the plea unknowing and involuntary. Counsel's erroneous prediction that Mr. Silva's criminal history would not be used by the government to calculate his guideline range similarly does not support Mr. Silva's claim. In relevant part, the Plea Agreement provided:

> The defendant has reviewed the application of the guidelines with his attorney but understands that no one can predict with certainty what guideline range will be applicable in this case until after a presentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant will not be allowed to withdraw the plea if the applicable guideline range is higher than expected or if the Court departs from the applicable guideline range. The defendant fully understands that determination of the sentencing range or guideline level, as well as the actual sentence imposed, is solely in the discretion of the Court.

Plea Agreement at 2. The district court was not required to inform Mr. Silva of the applicable sentencing guideline range prior to accepting his plea of guilty. *Rhodes*, 913 F.2d at 843. "Rule 11 requires only that the defendant be informed of 'the mandatory minimum penalty provided by law . . . and the maximum possible

-5-

penalty provided by law.'" *Id.* (quoting *United States v. Fernandez*, 877 F.2d 1138, 1142-43 (2d Cir. 1989) (further quotation omitted)). Even assuming that Mr. Silva's attorney failed to apprise him of the sentencing consequences of his extensive criminal history and, as a result, that Mr. Silva was incorrectly advised he was facing a much shorter sentence than he received, "[t]he fact that the applicable Sentencing Guideline range was higher than defense counsel estimated . . . does not demonstrate a violation of Federal Rule of Criminal Procedure 11." *Id.* (quoting *United States v. Turner*, 881 F.2d 684, 686 (9th Cir. 1989)). In his plea agreement (and at his plea colloquy), Mr. Silva expressly indicated he was fully aware that the prosecution had declined to agree that a specific sentence was the appropriate disposition in his case, and that he faced a maximum term of twenty years imprisonment at sentencing. Plea Agreement at 2-3. These admissions alone belie Mr. Silva's claim that he was prejudiced by counsel's failure to accurately predict the impact of his criminal history. Consequently, we cannot conclude Mr. Silva's plea of guilty was involuntary and unknowing.

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 332, 335-36 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further." *Miller-El*, 537 U.S. at 327. "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Id.* at 336. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* While Mr. Silva, in applying for a COA, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith" on his part. *Id.* at 338 (internal quotations and citation omitted). In addition, because Mr. Silva seeks to proceed *ifp* in this appeal, he must demonstrate that he is financially unable to pay the requisite fees, and that there exists "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812-13 (10th Cir. 1997) (internal quotation omitted).

With these principles in mind, we have carefully reviewed the record of these proceedings and the order of the district court. We conclude that reasonable jurists would not debate the resolution of the constitutional claims presented. For

substantially the reasons set forth by the district court, we **DENY** Mr. Silva's

request for a certificate of appealability and his motion to proceed *ifp*, and

**DISMISS** his appeal.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge