FILED
United States Court of Appeals
Tenth Circuit

June 17, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

SCHUYLER L. SCARBOROUGH,

Petitioner - Appellant,

v.

GREG PROVINCE, Warden

Respondent - Appellee.

No. 09-7002
(D.C. No. 6:08-cv-00056-RAW-KEW)
(E.D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Schuyler L. Scarborough ("Scarborough"), an Oklahoma state prisoner

appearing pro se, applies for a certificate of appealability ("COA") in order to

appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus

petition as untimely. Exercising jurisdiction under 28 U.S.C. § 2253(c)(1), we

deny a COA and dismiss Scarborough's appeal.

I.     Procedural background

In 2004, a Sequoyah County, Oklahoma, jury convicted Scarborough of

first-degree murder, and he was sentenced to life imprisonment without

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possibility of parole. His Judgment and Sentence was entered on November 8, 2004, and his conviction became final ten days later, when he did not file written notice of intent to appeal. On July 21, 2005, Scarborough filed an application for post-conviction relief in state court, seeking an out-of-time appeal; that application was denied on February 24, 2006. Seeking to challenge that denial, he then filed a belated petition in error with the Oklahoma Court of Criminal Appeals, which declined jurisdiction over the appeal as untimely.

Scarborough next turned to the federal courts, filing a § 2254 petition for habeas corpus on May 26, 2006. On March 30, 2007, the district court dismissed that petition without prejudice because Scarborough had failed to exhaust his state-court claims. He filed his current § 2254 petition on February 13, 2008, arguing that he was eligible for habeas relief because the judge who presided over his murder trial permitted him to represent himself despite his clear incompetence to do so. The State moved to dismiss the petition as untimely under 28 U.S.C. § 2244(d), and the district court granted the motion on February 12, 2009. The district court later granted Scarborough's motion to proceed in forma pauperis on appeal, but did not rule on an application for COA. We therefore presume that his application for COA was denied. See 10th Cir. R. 22.1(C); Rudd v. Werholtz, No. 08-3268, 2009 WL 693345, at *1 (10th Cir. Mar. 18, 2009).

II.     Discussion

"A COA is a jurisdictional prerequisite to our review." Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). We will issue a COA "only 'if the applicant has made a substantial showing of the denial of a constitutional right.'" United States v. Silva, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting 28 U.S.C. § 2253(c)(2)). "To make this showing, [Scarborough] must establish that 'reasonable jurists could debate whether . . . the petition should have been resolved by the district court in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Clark, 468 F.3d at 713 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000) (alteration omitted)).

After a careful review of the record, we conclude that reasonable jurists could not debate whether the district court should have resolved the petition in a different manner. For substantially the reasons explained in the district court's opinion and order, we agree that the instant § 2254 petition was untimely and that Scarborough did not come forward with evidence establishing that he was eligible for equitable tolling of the statute of limitations.

III.    Conclusion

For the foregoing reasons, we deny the application for COA and dismiss Scarborough's appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge