FILED
United States Court of Appeals
Tenth Circuit

July 9, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALEX SONNI GLOVER, JR.,

Defendant-Appellant.

No. 08-5118
(D.C. Nos. 4:08-CV-00261-CVE-FHM
& 4:05-CR-00111-CVE-1)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, **HOLLOWAY**, and **EBEL**, Circuit Judges.

---

Alex Sonni Glover, a federal prisoner appearing pro se, requests a

certificate of appealability ("COA") so he can appeal the district court's denial of

his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. He also

requests leave to proceed on appeal *in forma pauperis* ("*ifp*"). Exercising

jurisdiction under 28 U.S.C. § 2253, we deny his request for a COA and his

request to proceed *ifp*, and dismiss the appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*I. Procedural background*

In 2005, Glover entered a guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced under the Armed Career Criminal Act ("ACCA") to a mandatory prison term of fifteen years, based on three previous convictions for violent felonies. *See* 18 U.S.C. § 924(e)(1). The ACCA applies to a person who has "three previous convictions . . . for a violent felony." *Id.*

Although Glover had five previous convictions for violent felonies, the district court expressly relied on two convictions for driving under the influence of alcohol ("DUI") and one conviction for larceny from a person. On direct appeal, Glover "challenge[d] the district court's determination that his prior felonies for drunk driving and larceny constitute[d] violent felonies under the [ACCA]." *United States v. Glover*, 211 F. App'x 811, 812 (10th Cir. 2007). This court affirmed Glover's conviction and sentence. *Id.* at 814-15.

Later, the Supreme Court announced in *Begay v. United States*, 128 S. Ct. 1581, 1588 (2008), that a DUI "falls outside the scope of the [ACCA's] 'violent felony' definition." Consequently, Glover filed his § 2255 motion alleging that he should be resentenced because his two DUI convictions had been improperly used to enhance his sentence. He also argued that his conviction for larceny from a person was improperly used because it was not a violent felony. The district court held that even without the two DUI convictions, Glover had three prior

violent felonies so the application of *Begay* had no effect on his sentence. The court also held that because Glover had unsuccessfully argued in his direct appeal that his prior conviction for larceny from a person was not a violent felony, he was procedurally barred from raising this claim in his § 2255 motion. Accordingly, the district court denied the § 2255 motion. This application for a COA followed.

## II. *Legal Standards*

"A COA is a jurisdictional prerequisite to our review." *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). We will issue a COA "only 'if the applicant has made a substantial showing of the denial of a constitutional right.'" *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting 28 U.S.C. § 2253(c)(2)). "To make this showing, [Glover] must establish that 'reasonable jurists could debate whether . . . the petition should have been resolved by the district court in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Clark*, 468 F.3d at 713 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (alteration omitted)). Moreover, "because [Glover] seeks to proceed *ifp* in this appeal, he must demonstrate that he is financially unable to pay the requisite fees, and that there exists a reasoned, nonfrivolous argument on the law and facts in support of the issue[] raised on appeal." *Silva*, 430 F.3d at 1100 (quotation omitted).

*III. Discussion*

Because Glover's § 2255 motion and application for a COA are pro se, we construe them liberally. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). In his application for a COA, Glover makes only one argument: His prior conviction for larceny from a person should not have been used to enhance his sentence under the ACCA because the district court relied on information not contained in the charging documents to find that this conviction was a violent felony, contrary to *Shepard v. United States*, 544 U.S. 13 (2005), and *United States v. Taylor*, 413 F.3d 1146 (10th Cir. 2005).

As noted above, Glover raised on direct appeal his claim that his larceny conviction was not a violent felony. Consequently, he may not raise this issue under § 2255. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). He now frames a slightly different argument to challenge the use of his larceny conviction under the ACCA–the district court improperly considered information outside the charging documents. But this argument should have been raised on direct appeal; it cannot now be raised under § 2255. *See id.* Therefore, the district court's resolution of Glover's § 2255 motion is not reasonably subject to debate and the issue he seeks to raise on appeal is not adequate to deserve further proceedings.

-4-

*IV. Conclusion*

For the foregoing reasons, Glover's request to proceed on appeal *ifp* and his request for a certificate of appealability are DENIED.  The appeal is DISMISSED.

Entered for the Court

David M. Ebel
Circuit Judge