**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

BAYRON MOREIRA,

Defendant–Appellant.

No. 10-3089
(D.C. Nos. 2:09-CV-02507-KHV and
2:06-CR-20021-KHV-JPO-13)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Bayron Moreira seeks a certificate of appealability ("COA") to appeal the denial

of his 28 U.S.C. § 2255 habeas petition.  We deny a COA and dismiss the appeal.

Just before his trial was set to begin, Moreira pled guilty to one count of

conspiracy to possess several controlled substances with intent to distribute, and one

count of distributing methamphetamine.  He was sentenced to 151 months'

imprisonment—a term at the low end of his advisory United States Sentencing

Guidelines range.  After we affirmed his sentence on direct appeal, see United States v.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Moreira, 333 Fed. App'x 366 (10th Cir. 2009) (unpublished), Moreira filed a habeas petition advancing three claims of ineffective assistance of counsel. The district court rejected each of these clams on the merits and declined to issue a COA. Moreira timely appealed.

Moreira may not proceed on appeal unless we grant a COA. § 2253(c)(1)(B). To obtain a COA, Moreira must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

On appeal, Moreira contends the district court improperly dismissed his third ineffective assistance of counsel claim. In that claim, Moreira argued that his trial counsel was ineffective for failing to advise him that waiting until the day of trial to enter a guilty plea would make him ineligible for a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). As a remedy, Moreira requested an additional reduction in sentencing level. The district court rejected this claim on the ground that Moreira had not demonstrated prejudice because he had made no showing that he would have pled guilty earlier had his attorney advised him of the § 3E1.1(b) concern. The court also noted that the record demonstrated Moreira was holding out for a better plea offer.

Moreira does not challenge the district court's conclusions. Rather, he now asserts that he would not have pled guilty had he been informed he was ineligible for the

§ 3E1.1(b) reduction, and thus his plea was not knowingly and voluntarily entered.[1] But "an attorney's erroneous sentence estimate does not render a plea involuntary." United States v. Silva, 430 F.3d 1096, 1099 (10th Cir. 2005). Moreover, at the change of plea hearing, the district court thoroughly explained to Moreira that any advice he received from his attorney regarding a probable Guidelines range was nothing more than an "educated guess[]" and that the pending presentence investigation or court rulings "could have a huge effect on the kind of sentence" ultimately imposed. Moreira responded that he understood the court's admonitions. Accordingly, he cannot obtain habeas relief based on counsel's alleged failure to discuss § 3E1.1(b).[2]

Moreira's request for a COA is **DENIED**, and the appeal is **DISMISSED**. Moreira's motion for leave to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[1] Moreira argues that this allegation was implicitly included in his third claim below, or, in the alternative, that his present assertion relates back to the original complaint. We assume for purposes of this order that the claim is properly before us. See Brown v. Sirmons, 515 F.3d 1072, 1092-93 (10th Cir. 2008) (we may proceed directly to the merits of a potentially barred claim in the interest of judicial efficiency).

[2] Moreira makes an oblique reference to Padilla v. Kentucky, 130 S. Ct. 1473 (2010), and claims his counsel failed to advise him that he would be deported upon conviction. Because this claim was neither raised below nor developed sufficiently on appeal, we will not address it. See Wilburn v. Mid-South Health Dev., Inc., 343 F.3d 1274, 1280-81 (10th Cir. 2003); O'Connor v. City & County of Denver, 894 F.2d 1210, 1214 (10th Cir. 1990).