FILED
United States Court of Appeals
Tenth Circuit

February 5, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROGER PRESTON KUHN,

Defendant-Appellant.

No. 13-6260
(D.C. No. 5:13-CR-00111-F-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Roger Preston Kuhn pleaded guilty to receipt of child pornography and

possession of child pornography, and received concurrent sentences of 210 months

and 120 months of imprisonment. In a plea agreement, Mr. Kuhn "knowingly and

voluntarily" waived his right to appeal "his guilty plea, sentence and restitution

imposed, and any other aspect of his conviction." Dist. Ct. Doc. 21, at 7. As to

---

[*]      This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence, he waived his right to appeal the "sentence as imposed by the Court and the manner in which [it] is determined, provided [it] is within the advisory guideline range determined by the Court to apply to this case." *Id.* He further stated that "this waiver remains in full force and effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant" with respect to various offense-level adjustments. *Id.* He also acknowledged that the court was not bound by the parties' agreements or recommendations regarding the sentencing guidelines, *id.* at 6, that the court had authority to impose any sentence within the statutory maximum, *id.* at 6-7, and that the sentence to be imposed was within the sole discretion of the court, *id.* at 9. Notwithstanding his appeal waiver, Mr. Kuhn filed this appeal following the entry of the judgment of conviction. The government has now moved to enforce his appeal waiver. We grant the motion.

The government's motion demonstrates, in a facially sufficient manner, that the waiver in the plea agreement applies to this appeal, that the waiver was knowing and voluntary, and that there are no circumstances evident on the existing record to suggest a miscarriage of justice. *See generally United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam) (summarizing three components of court's inquiry when enforcing appeal waiver). In his response, Mr. Kuhn raises three points to circumvent the consequences of his appeal waiver.

First, he contends his waiver was not knowing and voluntary because it was based on a misunderstanding of the relevant guideline range due to counsel's

underestimation of offense and criminal history levels. But erroneous guideline predictions by counsel do not make a plea unknowing or involuntary, at least where the defendant acknowledged he knew that the applicable guideline range could not be predicted with certainty because it is solely within the discretion of the district court. *United States v. Silva*, 430 F.3d 1096, 1099-1100 (10th Cir. 2005). That was the case here. In addition to the pertinent provisions of the plea agreement cited above, the plea petition recognized that the court's exclusive discretion over the sentencing determination meant that no one had authority to make favorable promises or predictions as to sentencing. Pet. to Enter Plea of Guilty, at 10.

Second, Mr. Kuhn contends there is a "miscarriage of justice" exempting him from his waiver, because the district court relied on an "impermissible factor" in imposing sentence. *See Hahn*, 359 F.3d at 1327 (recognizing this waiver exception). The impermissible factor he cites is the court's alleged reliance on unproven bad acts in setting his offense level. Actually, although Mr. Kuhn loosely characterizes these acts as "unproven," he notes they are based on admissions attributed to him in police reports (which he disavows), so his objection goes to the weight, not the absence, of evidence supporting the court's findings. In any event, however characterized, his contention rests on a basic misunderstanding of the impermissible-factor exception. We have indicated the sort of factor that could fall within this limited exception by the illustrative phrase "such as race." *Id.*; *see also United States v. Salas-Garcia*, 698 F.3d 1242, 1255 (10th Cir. 2012). Nothing remotely like that is involved here.

- 3 -

Rather, all we have is an unremarkable allegation that the court erred in finding certain relevant conduct when determining the offense level. Garden variety sentencing objections of this sort hardly involve reliance on an impermissible factor such as race; indeed, if they did, this miscarriage-of-justice exception would exempt from a typical appeal waiver a large portion of the objections it is clearly meant to bar. Mr. Kuhn cites no authority for this facially untenable position.

Finally, Mr. Kuhn contends that counsel rendered ineffective assistance with respect to negotiating the appeal waiver, referring again to counsel's miscalculation of the applicable offense and criminal history levels. He does not indicate that these (unspecified) miscalculations are evidenced anywhere in the existing record, nor does the docket reflect any effort to raise this alleged ineffective-assistance claim to the district court. Accordingly, the claim is not available for appeal. *See United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011) (noting ineffective assistance claims may be heard on direct appeal "only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists"). This rule of unavailability applies even though the ineffective-assistance claim is invoked in an effort to invalidate an appeal waiver under the miscarriage-of-justice exception. *See United States v. Porter*, 405 F.3d 1136, 1143-44 (10th Cir. 2005). Under such circumstances, we properly enforce the appeal waiver on direct appeal, *see id.*, but do not thereby prejudice the defendant's ability to pursue an ineffective-assistance claim

on collateral review, *see, e.g.*, *United States v. Polly*, 630 F.3d 991, 1003 (10th Cir. 2011).

The government's motion to enforce the appeal waiver is granted and the appeal is dismissed.  This disposition is without prejudice to any motion brought by Mr. Kuhn under 28 U.S.C. § 2255 asserting ineffective assistance of counsel.

Entered for the Court
Per Curiam