FILED
United States Court of Appeals
Tenth Circuit

January 12, 2026

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CRAIG MARTIN STICE,

    Petitioner - Appellant,

v.

BERGMAN; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 25-1100
(D.C. No. 1:24-CV-01846-CNS)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**\*
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Petitioner Craig Stice, a Colorado prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28 U.S.C.

§ 2254 habeas petition.  For the reasons that follow, we deny Stice's request for a COA

and dismiss this matter.

I

In November 2018, a Colorado jury convicted Stice on four counts of sexual

assault on a child by one in a position of trust and four counts of sexual assault on a child

---

    \* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

as part of a pattern of abuse. The convictions were based on evidence that Stice sexually assaulted his roommate's eight-year-old daughter, D.M. Stice was sentenced to a term of imprisonment of fourteen years to life.

The Colorado Court of Appeals (CCA) affirmed Stice's convictions on direct appeal. *People v. Stice*, No. 19CA0626, 2021 WL 12343791 (Colo. App. June 10, 2021). Stice filed a petition for writ of certiorari with the Colorado Supreme Court, but that was denied. *Stice v. People*, No. 21SC541, 2021 WL 5168875, at *1 (Colo. Nov. 1, 2021).

Stice then filed a petition for state postconviction relief. That was denied by the state district court and affirmed on appeal by the CCA. *People v. Stice*, No. 23CA0229, 2024 WL 4034173, at *1 (Colo. App. Jan. 11, 2024) (*Stice II*). Stice sought certiorari review by the Colorado Supreme Court, but that was denied. *Stice v. People*, No. 24SC63, 2024 WL 3059977, at *1 (Colo. June 17, 2024).

II

Shortly after completing his state postconviction proceedings, Stice initiated these federal proceedings by filing an application for writ of habeas corpus pursuant to § 2254. Stice's application reasserted three claims of ineffective assistance of counsel (IAC) claims that had been rejected by the Colorado courts during his postconviction proceedings. The district court concluded, with respect to all three IAC claims, that Stice failed to establish his entitlement to federal habeas relief under the standards outlined in § 2254(d). The district court therefore dismissed the application with prejudice and denied Stice a COA.

2

Stice now seeks a COA from this court so that he may appeal the district court's denial of all three IAC claims.

### III

In order to bring an appeal from the denial of a § 2254 application, the applicant must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the applicant must demonstrate that "'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 327). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El*, 537 U.S. at 336. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.*

### IV

To obtain federal habeas relief on any of his IAC claims, Stice must show that his counsel's performance was both deficient and prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). Federal habeas review of IAC claims "is doubly deferential." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) (internal quotation marks omitted). Specifically, "we defer to the state court's determination that counsel's

performance was not deficient and, further, defer to the attorney's decision in how to best represent a client." *Id.* (brackets and internal quotation marks omitted).

A

Stice's first IAC claim challenged trial counsel's failure to obtain Stice's medical records and use information contained therein in support of a motion to exclude a recorded phone call between Stice and D.M.'s father. That phone call, which occurred during the investigation of D.M.'s allegations, was initiated by D.M.'s father from the local sheriff's office. During the call, "D.M.'s father told Stice that D.M. alleged that Stice had touched her inappropriately and asked Stice several times to tell him what happened." *Stice II*, 2024 WL 4034173, at *2. "Stice admitted that he and D.M. had hugged each other but otherwise refused to talk about it" and "admitted no criminal acts." *Id.*

"Defense counsel moved to suppress the call, arguing that Stice's statements had been involuntary." *Id.* The trial court held an evidentiary hearing, "found Stice's statements to be voluntary," and "denied the motion." *Id.* At trial, "[t]he prosecution published a redacted version of the recorded call." *Id.*

In his state postconviction motion, Stice argued defense counsel was ineffective for failing to seek exclusion of the phone call based on "evidence of [Stice's] physical and mental vulnerabilities." *Id.* The CCA rejected this IAC claim, noting that "Stice fail[ed] to allege *Strickland* prejudice." *Id.* Specifically, the CCA noted that Stice "neither allege[d] any reason why evidence that he suffered symptoms from a car accident would have persuaded the trial court that his statements were involuntary nor

assert[ed] facts showing that he probably would have been acquitted if the phone call had been suppressed." *Id.*

Stice reasserted the claim in his § 2254 application. The district court concluded Stice failed to demonstrate that the CCA's decision was contrary to, or an unreasonable application of, clearly established federal law under § 2254(d)(1). The district court also concluded that Stice failed to demonstrate that the CCA's decision "involved an unreasonable determination of the facts under § 2254(d)(2)." R. at 435.

B

Stice's second IAC claim asserted that trial counsel failed to impeach D.M.'s best friend, A.Q., who testified for the prosecution at trial. A.Q. testified that D.M. had divulged to her that a "'man was touching her in her private areas and he would make her touch him back.'" *Stice II*, 2024 WL 4034173, at *2 (internal quotation marks omitted).

In his application for state postconviction relief, Stice argued his counsel was ineffective for failing to impeach A.Q. about a discrepancy between her trial testimony and her "pretrial statements, where A.Q. didn't report that D.M. said the man touched her." *Id.* The CCA rejected this claim as "directly refuted by the record." *Id.* The CCA noted that "[d]uring A.Q.'s cross-examination, defense counsel asked about her initial phone conversation with a police officer." *Id.* During that questioning, A.Q. admitted she "only mentioned to this police officer that [D.M.] had told [her] that she had touched the man's private parts," but did not tell the officer that D.M. said the man also touched her. *Id.* (brackets omitted).

In examining this same claim in Stice's § 2254 application, the district court concluded that Stice failed to demonstrate that the CCA's ruling was contrary to or involved an unreasonable application of *Strickland*. The district court further concluded that Stice failed to show that the CCA's "conclusion involved an unreasonable determination of the facts under § 2254(d)(2)." R. at 438.

C

Stice's third IAC claim asserted that counsel failed to rebut the trial testimony of his "twenty-six-year-old daughter, C.S., [who] testified that Stice had sexually assaulted her when she was nine years old." *Stice II*, 2024 WL 4034173, at *3. C.S. "did not remember details about the assault, but she remembered giving a forensic interview, which was played for the jury." *Id.* "The allegations in C.S.'s interview bore a similarity to D.M.'s allegations." *Id.*

In his application for state postconviction relief, Stice "claim[ed] that defense counsel was ineffective for failing to present medical evidence from his 2002 trial," which included "a doctor's testimony and report indicat[ing] that C.S.'s genital exam was consistent with sexual intercourse *but consistent with other explanations as well*." *Id.* Stice "assert[ed] that if defense counsel had presented this evidence, the jury would have been more informed about the previous bad act evidence and they may have come to another conclusion." *Id.* (internal quotation marks omitted).

The CCA, in addressing the claim, noted that Stice did "not explain how counsel's decision not to introduce this minimally relevant and possibly prejudicial evidence was unreasonable or assert facts showing a reasonable possibility that this evidence would

have persuaded the jury to acquit him of D.M.'s sexual assault." *Id.* The CCA therefore concluded that Stice was not entitled to postconviction relief on the basis of this claim.

Stice reasserted this IAC claim in his § 2254 application, but the district court concluded that he failed to establish his entitlement to relief under the standards outlined in § 2254(d). In doing so, the district court concluded "[t]he CCA reasonably recognized that the medical report was potentially prejudicial," and that, "[c]ontrary to [Stice's] position, the statements in the medical report were not exculpatory." R. at 440–41. The district court also concluded "it was entirely reasonable for the CCA to conclude that" Stice failed to establish he was prejudiced by counsel's failure to introduce this evidence. *Id.* at 441.

D

In his application for COA, Stice essentially repeats the arguments he made below in support of each of his three IAC claims. With respect to his first IAC claim, he argues, in relevant part, that if the jury in his case would have had an opportunity to "review [his] medical records to determine his vulnerabilities," there is "a reasonable probability" the outcome of his case would have been different. App. for COA at 7 (italics omitted). Similarly, with respect to his second IAC claim, Stice argues "[t]here would have been a reasonable probability that [the] outcome of the trial would have changed if A.Q. had been impeached." *Id.* at 11 (italics omitted). And, with respect to his third IAC claim, Stice argues that "[h]ad the jury heard about the exculpatory evidence of [C.S.] the [prosecutor's] closing argument would have been weakened." *Id.* at 13.

7

We conclude, however, that none of these arguments demonstrate that jurists of reason could disagree with the district court's analysis of any of the three IAC claims or could conclude the IAC claims are adequate to deserve encouragement to proceed further.

V

We deny Stice's application for COA, deny his motion to seal the district court's decision and the record on appeal, and dismiss this matter.

Entered for the Court

Joel M. Carson III
Circuit Judge