FILED
United States Court of Appeals
Tenth Circuit

January 5, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KURT YOUNG,

    Petitioner - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS MEDIUM
CORRECTIONAL INSTITUTION
WARDEN, Steve Donald Hargett;
WYOMING ATTORNEY GENERAL,
Peter K. Michael,

    Respondents - Appellees.

No. 16-8089
(D.C. No. 2:15-CV-00016-SWS)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.
_____

    Kurt Young, a Wyoming state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's denial of his application for relief

under 28 U.S.C. § 2254. We deny the request for a COA and dismiss the appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

In 2013 Mr. Young was charged on one felony count of delivery of methamphetamine, and four misdemeanor counts of possession of marijuana, methamphetamine, heroin, and MDMA. Under a plea agreement he pleaded guilty to the felony count and the misdemeanor marijuana and methamphetamine counts; the other charges were dismissed. At his change-of-plea hearing he admitted that he had injected another person with methamphetamine while she was overdosing on heroin (purportedly attempting to counteract the heroin's effect), and that he had possessed methamphetamine and marijuana at that time. The court sentenced him to a prison term of 12 to 18 years on the felony count, plus concurrent 12-month prison sentences on the other two counts.

After Mr. Young filed a notice of appeal, his appellate counsel moved to withdraw and filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967). The Wyoming Supreme Court initially denied the motion to withdraw because counsel had failed to provide a complete record with respect to possible irregularities with search warrants that concerned Mr. Young. After counsel supplemented the record on appeal with the missing documents and filed a renewed motion to withdraw and a revised *Anders* brief, in which he asserted that there were no meritorious, arguable issues for appeal, the court granted the motion to withdraw and allowed Mr. Young to file a pro se appeal brief. His brief raised four claims:

1. His appellate counsel provided ineffective assistance in filing an *Anders* brief;

2

2. trial counsel provided ineffective assistance by failing to investigate possible defenses;

3. trial counsel provided ineffective assistance by inducing him to plead guilty with a promise that he would receive a sentence of probation; and

4. the prosecutor had a conflict of interest because of his previous representation of Mr. Young in another matter.

After reviewing the brief the Wyoming Supreme Court affirmed the conviction and sentence.

Mr. Young then filed a § 2254 application asserting the same four claims raised in his state court pro se appeal brief. The district court dismissed part of the application because Mr. Young had waived certain claims by pleading guilty and then granted Respondents summary judgment on the remaining claims. Applying the deferential review mandated by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d)(1)-(2), the district court held that the Wyoming Supreme Court's rulings on Mr. Young's claims did not unreasonably apply clearly established federal law, nor were they based on an unreasonable determination of the facts.

## II. Discussion

### A. Standards of Review

To obtain a COA, Mr. Young must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether to issue a COA, we limit our examination to "a threshold inquiry into the underlying merit of [the applicant's] claims." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Our standard of review depends on whether the district court decided a claim on the

3

merits or dismissed it on procedural grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The district court denied some of Mr. Young's claims on the merits. To obtain a COA as to those claims he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. The district court dismissed other claims on procedural grounds. As to those claims, he must show that jurists of reason would find it debatable (1) "whether the petition states a valid claim of the denial of a constitutional right" *and* (2) "whether the district court was correct in its procedural ruling." *Id.* Because Mr. Young proceeds pro se, we liberally construe his application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

### B. Waived Claims

The district court held that Mr. Young waived his right to assert some of his habeas claims by pleading guilty. The court relied on *Tollett v. Henderson*, 411 U.S. 258 (1973), in which the Supreme Court held:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [the range of competence demanded of attorneys in criminal cases].

*Id.* at 267. The district court reasoned that under *Tollett*, Mr. Young waived his claims (1) that the prosecutor had a conflict of interest and (2) that his trial counsel was ineffective in failing to investigate possible defenses, except insofar as that failure made his plea unintelligent or involuntary. In his application in this court for

a COA, Mr. Young does not challenge the district court's holding that he waived these claims by pleading guilty. He therefore fails to demonstrate that reasonable jurists would debate the correctness of the district court's procedural ruling. We deny a COA on these issues.

### C.     Voluntary and Intelligent Guilty Plea

"In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial." *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005). The district court addressed on the merits Mr. Young's claim that his trial counsel's performance was so constitutionally defective as to render his guilty plea invalid.[1] Mr. Young contended his trial counsel refused to investigate possible defenses and then induced him to plead guilty by promising he would not be sentenced to prison.

Regarding possible defenses, the district court concluded that Mr. Young failed to explain or offer any evidence how an investigation of the facts and sources of information recited in his habeas application had a genuine possibility of

---

[1] The district court concluded that the Wyoming Supreme Court had decided on the merits both this claim and Mr. Young's claim that his appellate counsel provided ineffective assistance. *See Harrington v. Richter*, 562 U.S. 86, 99-100 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."). Mr. Young does not dispute the district court's conclusion.

exonerating him. The court held that he had not rebutted the strong presumption that his counsel's actions fell within the wide range of reasonable professional assistance and could be considered sound trial strategy. It also noted that the plea agreement negotiated by Mr. Young's counsel required dismissal of two of the five counts and secured an agreement that he would not face federal prosecution for the same underlying conduct. Mr. Young's arguments on this issue in his § 2254 application and in his application for a COA are nearly verbatim. For the reasons articulated by the district court, he still fails to demonstrate that his counsel's failure to pursue certain defenses constituted deficient performance affecting the validity of his guilty plea.

As to his counsel's alleged promise of a probation sentence that Mr. Young says induced him to plead guilty, the district court reviewed the record of his change-of-plea hearing, noting he had expressly acknowledged that he could be sentenced to 22 years in prison. The court quoted the following colloquy during the hearing:

> THE COURT: Now, you understand, Mr. Young, that the agreement here does not include a sentencing recommendation. Even if it did, it wouldn't be binding on this Court, right?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And I understand you're going to apply to the Drug Court and that's fine, but you need to understand that even if you're accepted in the Drug Court Program, I may not go along with that, and I may, in fact, order you to serve 22 years of incarceration and pay fines of up to . . . $27,000? Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

6

THE COURT: And you need to understand as well, Mr. Young, that whatever happens at sentencing, I will not permit you to withdraw a guilty plea if you're unhappy with the way things work out, right?

THE DEFENDANT: Yes. I realize that, Your Honor.

THE COURT: So two things. Number one, any recommendations here will certainly be given due consideration, but at the end of the day, there's no guarantee as far as sentence is concerned. And number two, whatever does happen, you are stuck with it. Do you understand all that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Questions about any of that?

THE DEFENDANT: No, sir.

THE COURT: Having said all that, do you want to go ahead with this agreement?

THE DEFENDANT: Yes, Your Honor.

R., Vol. 1 at 62-63; *see also id.* at 55 (advising Mr. Young of the maximum prison sentences for each offense); *id.* at 58 (noting he could face the penalties previously reviewed).

Mr. Young asserts (as he did in the district court) that neither the trial court's admonitions regarding a possible prison sentence, nor his verbal acknowledgement of those warnings, cured the prejudice of his counsel's promise regarding a probation sentence. This is so, he says, because his counsel advised him

> that during the change of plea hearing the judge would inform him in open court of all of the possible consequences of his plea and of the possibility of Petitioner being sentenced to prison. Petitioner was told by [his counsel] that in order for the plea agreement to be accepted by the court and in order for Petitioner to receive probation that he had to acknowledge to the judge that prison was a possibility. [Mr. Young's counsel] stated that Petitioner's acknowledgement to the judge was a simple formality, that the judge's statements were not to be construed by Petitioner that he could go to prison, and that Petitioner should not consider that prison may be a possible

7

sentence – but only that the judge was required by law to recite all possible consequences of a crime.

COA Appl. at 10.

But the district court questioned Mr. Young's assertions regarding his counsel's sentencing advice, noting that they were contradictory. On the one hand, he claimed that "his trial counsel unqualifiedly told him there was 'no way that any court would sentence him to prison.'" R., Vol. 1 at 331 n.2 (quoting R., Vol. 1 at 14). In the next sentence, however, Mr. Young stated that his counsel advised that "'based on his experience, it was extremely rare for a first-time, non-violent felon to be sentenced to prison.'" *Id.* And the district court found that during the change-of-plea hearing, Mr. Young "clearly stated he had not been induced to plead guilty." R., Vol. 1 at 327. When the trial court asked him, "Have any promises been made concerning sentencing or anything else, other than what you've discussed in your plea agreement?," Mr. Young responded, "No, sir." *Id.* at 60-61. He does not contend that his counsel told him to lie in response to this (or any other) inquiry or that his response to it was simply a formality. Nor does he claim that his counsel told him that the judge had promised or otherwise agreed to a sentence of probation.

Based on Mr. Young's statements during the change-of-plea hearing, the trial court concluded that his plea was knowing, voluntary, made after consultation with his counsel, *and* "without any improper inducement or conditions." R., Vol. 1 at 71. The Wyoming Supreme court rejected his challenge to the validity of his guilty plea, and the district court held that the state court did not unreasonably apply clearly

8

established federal law or unreasonably determine the facts of his case. Because Mr. Young has not shown that reasonable jurists would consider the district court's ruling debatable or wrong, we deny a COA on this issue.

### D. Ineffective Assistance of Appellate Counsel

The district court also addressed on the merits Mr. Young's claim that his appellate counsel provided ineffective assistance by filing an *Anders* brief. The court held that the Wyoming Supreme Court's ruling on this claim did not unreasonably apply clearly established law, nor did it unreasonably determine the facts of Mr. Young's case. Rather, the district court concluded that the state court and Mr. Young's counsel both adhered to the requirements of *Anders*, and in doing so, provided Mr. Young with "all the procedural protection that the Constitution requires." *Smith v. Robbins*, 528 U.S. 259, 287 (2000). Mr. Young was therefore obliged to overcome the presumption "that the result of the proceedings on appeal is reliable." *Id.* The district court held that he failed to demonstrate any deficiency in his appellate counsel's representation.

Mr. Young first argues that his appellate counsel provided ineffective assistance by presenting only one issue—the validity of the search warrant—in the *Anders* brief. But the *Anders* brief was not so limited; it noted other claims that Mr. Young wished to assert, including challenges to the validity of his guilty plea, the length of his sentence, and the prosecutor's alleged conflict of interest. Counsel then addressed the effect of Mr. Young's guilty plea on his ability to assert his claims on appeal, the validity of his guilty plea based on the record, his trial counsel's

9

performance, the validity of his sentence, and the validity of the search warrant. Although Mr. Young asserts that his appellate counsel did not fairly and adequately present his appeal issues, he fails to demonstrate that "counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Smith*, 528 U.S. at 285.

Mr. Young also contends that the Wyoming Supreme Court erred by permitting his appellate counsel to file a second *Anders* brief, contrary to *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429 (1988). In *McCoy* the Court stated that "if the court concludes that there are nonfrivolous issues to be raised, it must appoint counsel to pursue the appeal and direct that counsel to prepare an advocate's brief before deciding the merits." *Id.* at 444. But the Wyoming Supreme Court did not conclude from the first *Anders* brief that Mr. Young had nonfrivolous appeal issues. It decided only that counsel failed to provide a complete record and demonstrate that he had "discharged his duty to fully review the trial proceedings and show that the captioned appeal is frivolous." R., Vol. 1 at 118. Mr. Young's appellate counsel corrected these deficiencies by supplementing the record and filing a new *Anders* brief that addressed the validity of the search warrant.

The Wyoming Supreme Court rejected Mr. Young's contention that his appellate counsel provided ineffective assistance. Applying deferential review under AEDPA, the district court denied habeas relief. We deny a COA because Mr. Young has not shown that the district court's disposition of this claim is debatable by reasonable jurists.

10

**III.    Conclusion**

We deny Mr. Young's application for a COA and dismiss the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge