FILED
United States Court of Appeals
Tenth Circuit

April 1, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————

DELANO MEDINA, a/k/a Medina Delano,

    Petitioner - Appellant,

v.

AUGUST BAUBY; JENNIFER HANSEN,

    Respondents - Appellees.

No. 24-1495
(D.C. No. 1:24-CV-02104-LTB-RTG)
(D. Colo.)

———————————————————

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
———————————————————

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
———————————————————

Delano Medina, a Colorado state prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's order dismissing his habeas corpus

petition under 28 U.S.C. § 2241. Mr. Medina also moves for leave to proceed in forma

pauperis ("IFP"). For the reasons stated below, we deny Mr. Medina a COA, deny his

motion to proceed IFP, and dismiss this matter as frivolous.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Medina proceeds pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.    BACKGROUND

Mr. Medina, a state prisoner in the custody of the Colorado Department of Corrections (CDOC), petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the calculation of his sentences for purposes of parole eligibility. At the request of the district court, Respondents—CDOC's Manager of Time and Release Operations and the warden of the correctional facility at which Mr. Medina is imprisoned—filed a preliminary response seeking dismissal of the petition for failure to exhaust state court remedies. Mr. Medina had not satisfied the exhaustion requirement, Respondents argued, because he was actively litigating the theory underlying the instant federal petition in state post-conviction proceedings. Because Mr. Medina's state post-conviction proceeding had not reached final judgment in the state district court, Respondents urged, he could not be said to have given the Colorado courts "a full and fair opportunity to resolve [his] federal constitutional claims before those claims [were] presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining that to satisfy the exhaustion doctrine, a habeas petitioner must "invok[e] one complete round of the State's established appellate review process").

In reply, Mr. Medina argued he had exhausted his constitutional claim with the Colorado courts in two prior state post-conviction proceedings, one of which Mr. Medina pursued through a complete round of state appellate review. Mr. Medina sought to characterize the constitutional claim raised in this federal habeas petition as functionally indistinguishable from the claims asserted in his two prior state post-conviction proceedings, but he "acknowledge[d] that the Colorado Court of Appeals might still

2

address" the constitutional claim in his still-pending state post-conviction case. ROA at 254.

In November 2024, the magistrate judge recommended that Mr. Medina's petition be dismissed without prejudice for failure to exhaust state court remedies. The magistrate judge reasoned that the habeas petition as pleaded raised a constitutional claim that was not fairly presented in his two prior state post-conviction proceedings, and thus was not exhausted. The magistrate judge further concluded that the exhaustion requirement was not satisfied because Mr. Medina was "[a]ctively litigating" the relevant constitutional claim in a pending state post-conviction proceeding. *Id.* at 265.

Over Mr. Medina's objection, the district court adopted the recommendation in full and dismissed the petition without prejudice. The district court further (1) denied Mr. Medina a COA, and (2) denied his IFP motion, certifying "that any appeal from this dismissal would not be taken in good faith." *Id.* at 274.

## II.        STANDARD OF REVIEW

Before we may exercise jurisdiction over Mr. Medina's case, he must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) ("[T]his court reads § 2253(c)(1)(A) as applying whenever a state prisoner habeas petition relates to matters flowing from a state court detention order. This

3

includes . . . challenges related to the incidents and circumstances of any detention pursuant to state court process under § 2241.").

Under 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, Mr. Medina must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). Because the district court denied his petition on procedural grounds—failure to exhaust state court remedies—Mr. Medina must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III.     DISCUSSION

In his application for a COA here, Mr. Medina attempts to litigate two issues that were entirely absent from the district court proceedings in *this* case: (1) whether 42 U.S.C. § 1983 is an appropriate vehicle to vindicate the constitutional violation he asserts, and (2) whether the district court erred by denying a motion to reopen a separate habeas petition. *See* Opening Br. at 9 ("This appeal should hold that [] procedural challenges to parole eligibility and sentence calculation determinations . . . may appropriately be brought under 42 U.S.C. § 1983."); *id.* at 10 (asserting that the district

4

court "disregarded a meritorious [Federal Rule of Civil Procedure] 60(b) motion to reopen").

These issues were relevant in two prior appeals brought by Mr. Medina from dismissals of distinct lawsuits, and in resolving those appeals we considered and rejected both arguments. *See Medina v. Caley*, No. 24-1289, 2024 WL 4369250, at *2 (10th Cir. Oct. 2, 2024) (denying Mr. Medina a COA to appeal the denial of his motion under Rule 60(b) to reopen a different § 2241 petition); *Medina v. Murphy*, No. 24-1029, 2024 WL 3289638, at *2 (10th Cir. July 3, 2024) (affirming the district court's dismissal of Mr. Medina's § 1983 action because a "state prisoner's 'sole federal remedy is a writ of habeas corpus' when he 'is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973))), *cert. dismissed*, 145 S. Ct. 462 (2024). Here, however, neither of these arguments was raised in the district court and they are therefore not properly before us.

In *this* case, the only relevant issue is whether the district court properly concluded that Mr. Medina's § 2241 petition presented a constitutional claim that was unexhausted with the state courts. Yet Mr. Medina's brief makes no reference to that determination at all. Without addressing the district court's basis for dismissing *this* § 2241 petition without prejudice, Mr. Medina has failed to show that a "jurist of reason would find it debatable whether . . . the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. He is therefore not entitled to a COA.

5

Finally, we turn to Mr. Medina's IFP motion. To succeed in his motion, Mr. Medina must "show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Mr. Medina has failed to address the grounds upon which the district court dismissed his § 2241 action and he has thus not shown the "existence of a reasoned, nonfrivolous argument." *Id.*

## IV.    CONCLUSION

For the foregoing reasons, we DENY Mr. Medina's application for a COA, DENY his IFP motion, and DISMISS this matter as frivolous.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

6